UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-86 |
| STANLEY FULTON | SECTION: "J" |

## ORDER AND REASONS

Before the Court are a *Motion for Compassionate Release* **(Rec. Doc. 615)** filed by Defendant Stanley Fulton, and an opposition filed by the Government (Rec. Doc. 620), to which Defendant has replied (Rec. Doc. 626). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On January 21, 2016, Defendant was sentenced to 240 months of imprisonment after pleading guilty to conspiracy to distribute one kilogram or more of heroin. The conspiracy count had a mandatory minimum sentence of 120 months. However, Defendant was subject to a sentencing enhancement from a previous conviction for conspiracy to distribute heroin, raising his mandatory minimum to 240 months. Without the statutory minimums, Defendant's Guideline range would have been 108 to 135 months. (Rec. Doc. 289 at 26). He neither appealed his conviction nor previously filed for post-conviction relief.

Defendant now moves for compassionate release based on a five-year reduction to his mandatory minimum sentence. The Government opposes, both generally, on

1

delegation grounds, and specifically, as to the § 3553(a) sentencing factors applicable to Defendant.

## LEGAL STANDARD

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal"; alternatively, the requirement is met "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting their release. *See United States v. Washington*, No. 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The United States Sentencing Guidelines provides that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. §

1B1.13(a)(2) (p.s.). If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Defendant's motion argues for compassionate release by way of an unusually long sentence. In its well-trod opposition, the Government raises various constitutional arguments against the recent actions of the United States Sentencing Commission. However, aside from a one-paragraph remark on the applicable 18 U.S.C. § 3553(a) sentencing factors, its twenty-one-page memorandum provides little applicable to the instant motion.[1]

### I. Exhaustion Requirement Is Established

On the threshold issue, Defendant asserts he has exhausted his administrative remedies, referencing "Exhibit A: Exhaustion of BOP Remedies." (Rec. Doc. 615 at 1). Yet no such exhibit—or any exhibit—is attached to his motion. That notwithstanding, the Government fails to mention the exhaustion issue at all. As exhaustion of

---

[1] The pertinent Sentencing Guidelines Policy Statement, U.S.S.G. § 1B1.13, was updated on November 1, 2023. *See* U.S. SENT'G GUIDELINES MANUAL SUPPLEMENT TO APP. C (U.S. Sent'g Comm'n 2023) at 200–10 (Am. 814). Since that time, the Government repeatedly has presented to sections of the Eastern District of Louisiana similar arguments for the unconstitutionality of § 1B1.13(b)(6). *See, e.g., United States v. Rodney Bolton*, No. 09-166 (E.D. La. Mar. 15, 2024) (Lemelle, J.), ECF No. 512; *United States v. Homer Gross*, No. 13-164 (E.D. La. May 22, 2024), ECF No. 329 (Fallon, J.); *United States v. Duane Phillips*, No. 13-286 (E.D. La. Feb. 21, 2024), ECF No. 641 (Vance, J.); *United States v. Arthur Harris*, No. 10-285 (E.D. La. Mar. 14, 2024), ECF No. 225 (Barbier, J.). Although the arguments have a legal basis, effort should be made to engage the instant motion from the instant defendant. *See* Rec. Doc. 620 at 1 (entitling motion from Defendant, who had never filed a direct appeal or a previous post-conviction motion, as a "Motion for Reconsideration of Compassionate Release"); *id.* at 20 (citing Defendant's "argument that his health conditions constituted extraordinary and compelling reasons" where no such argument has been raised).

administrative remedies is a claims-processing rule, not a jurisdictional prerequisite, the Government can waive the requirement. *See Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021); *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) ("Though that statute contains its own administrative exhaustion requirement, several courts have concluded that this requirement is not absolute and that it can be waived by the government or by the court[.]"). The Court finds the Government waived its exhaustion argument and considers Defendant's motion timely filed.

## II. Extraordinary and Compelling Reason from Unusually Long Sentence

As to the merits of his 18 U.S.C. § 3582 motion, Defendant argues that he was sentenced to an "unusually long sentence," presenting it as the "extraordinary and compelling" reason to reduce his sentence. United States Sentencing Guidelines § 1B1.13 provides the policy statement for 18 U.S.C. § 3582(c)(1)(A). In 2023, the United States Sentencing Commission revised § 1B1.13 to include an "unusually long sentence" as an extraordinary and compelling reason warranting a reduction. *See United States v. Bolton*, No. 09-166, --- F. Supp. 3d ---, 2024 WL 1966448, at *2–3 (E.D. La. May 3, 2024) (recounting history of amendment to Sentencing Guidelines policy statement). The Government argues that the Sentencing Commission did not have authority to amend or override the statute, so unusually long sentences do not qualify as an extraordinary and compelling reason for sentence reduction. (Rec. Doc. 620 at 2–19).

A district court may reduce a defendant's term of imprisonment if the court

finds "extraordinary and compelling reasons warrant such a reduction," "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "after considering the factors set forth in section 3553(a)". 18 U.S.C. § 3582(c)(1)(A)(i). As pertinent to the current motion, the Sentencing Commission amended the applicable policy to state that: "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof . . . : (6) a change in law that would 'produce a gross disparity' between the defendant's sentence and the sentence likely to be imposed today if the defendant has served at least 10 years of an 'unusually long sentence.'" U.S.S.G. § 1B1.13(b)(6). The policy statement also requires a court to determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" before reducing his term of imprisonment. U.S.S.G. § 1B1.13(a)(2).[2]

### A. Ten-Year Requirement Is Established

As an initial matter, Defendant insists he has served ten years of his sentence. "As of October 2023, the defendant has served 9 years and 4 months which is the statutory equivalent of a 132 month (11 years) sentence." (Rec. Doc. 615 at 2). Defendant's reliance on good-time credit to surpass the ten-year threshold is questionable. *See Lanier v. United States*, No. 15-537, 2024 WL 1715236, at *5 n.10 (S.D.N.Y. Apr. 22, 2024) ("[T]here is nothing in the structure or wording of the policy statement that suggests that the Sentencing Commission meant to take into account

---

[2] The 18 U.S.C. § 3142(g) factors are as follows: (1) "the nature and circumstances of the offense charged[;]" (2) "the weight of the evidence against the person[;]" (3) "the history and characteristics of the person[;]" (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release[.]" 18 U.S.C. § 3142(g).

good time accruals when determining that a defendant might be able to demonstrate 'extraordinary and compelling circumstances' based on a change in the law, but only after serving at least ten years."); *Barber v. Thomas*, 560 U.S. 474, 491 (2010) (quoting 18 U.S.C. § 3624(b)(2)) ("[G]ood time credit 'shall vest on the date the prisoner is released from custody.'"); *but see United States v. Sanchez*, No. 15-50077, 2024 WL 2177644, at *3 (W.D. Ark. Apr. 24, 2024), *report and recommendation adopted*, No. 15-50077, 2024 WL 2162915 (W.D. Ark. May 14, 2024) (refusing to consider possible good-time credit in a compassionate release motion because the inmate was "ineligible to receive time-earned credits" because of his type of conviction). Regardless of the possible inapplicability of good-time credit to the ten-year requirement, the issue appears moot. Defendant was remanded to custody for the conviction at issue on July 11, 2014. For purposes of this compassionate release motion, the Court considers Defendant to have served at least ten years of his sentence.

### B. Gross Disparity Argument Fails

Defendant, however, fails to show a gross disparity between the mandatory minimum sentence previously and currently applicable. Through the First Step Act, Congress reduced the mandatory minimum sentence for conspiracy to distribute one kilogram or more of heroin by a defendant with a prior conviction for a serious drug felony from twenty years to fifteen years. *See* Pub. L. 115-391, Title IV, § 401(a)(2), 132 Stat. 5220 (2018). Congress did not apply the sentencing adjustment retroactively. *See United States v. Riley*, No. 11-235, 2023 WL 8600496, at *2 (E.D.

La. Dec. 12, 2023). Prior to the instant conviction, Defendant was convicted of conspiracy to distribute heroin, (Rec. Doc. 183), which qualifies as a serious drug felony, *see* 21 U.S.C. 802(57); 18 U.S.C. § 924(e)(2)(A).

Defendant argues the five-year reduction in his mandatory minimum sentence presents a gross disparity. The Government, on the other hand, is silent on the disparity question. As support for sentencing reduction, Defendant marshals three Eastern District of Louisiana cases which granted compassionate release. (Rec. Doc. 626 at 1–6). Two of the cases considered a sentencing minimum cut in half by the First Step Act, granting reductions where the current imprisonment floor had dropped from twenty years to ten years. *See Riley*, 2023 WL 8600496 (Brown, C.J.); *United States v. Daniels*, No. 16-08, 2022 WL 43625 (E.D. La. Jan. 5, 2022) (Milazzo, J.). The final reduction was even starker: with a no-longer-applicable sentencing enhancement, a previously mandatory life sentence was lowered to a mandatory minimum of ten years. *United States v. Session*, No. 16-36, 2022 WL 17669128 (E.D. La. Dec. 14, 2022) (Lemmon, J.).

Defendant's sentencing disparity is distinguishable from the cited caselaw. Facing the same sentencing minimum change—from twenty years to fifteen—Judge Vance more recently rejected the "gross disparity" argument. *United States v. Allen*, No. 12-138, 2024 WL 2784802 (E.D. La. May 30, 2024) (Vance, J.). Courts in other districts have arrived at different conclusions from the same sentencing disparity. *See United States v. Douglas*, No. 11-324, 2024 WL 2513646, at *2 (D. Minn. May 24, 2024) (mandatory minimum reduction from 20 to 15 years not a gross disparity);

*United States v. Evans*, No. 17-80, 2024 WL 1130202, at *3 (N.D. Ohio Mar. 15, 2024) (same); *but see United States v. Robinson*, No. 01-103, 2024 WL 1557770, at *3 (D.R.I. Apr. 10, 2024) ("Considering those individualized factors leads the Court to conclude that by any humane measure, the difference between a 20-year and a 15-year mandatory minimum sentence is a gross disparity meriting consideration of a sentence reduction."); *United States v. Monk*, No. 10-197, 2024 WL 3936351, at *5 (S.D.N.Y. Aug. 26, 2024) (same).

The application by the District of Rhode Island Court in *Robinson* is most persuasive. Key to its determination of a gross disparity in sentencing, the *Robinson* court "consider[ed] a holistic review of individualized factors to determine whether extraordinary and compelling reasons have been shown, not a singular or bright line rule as the government advocates." *Robinson*, 2024 WL 1557770, at *3. Although applying the same measure, this Court comes to the opposite conclusion. Weighing the individualized 18 U.S.C. § 3142(g) factors, the Court determines Defendant does not qualify for a reduction in sentence. Previously convicted for an offense similar to the instant one, Defendant exhibited good behavior while in custody, but almost immediately failed to comply with supervised release conditions. As the Pre-Sentence Report describes, "The defendant's adjustment to supervision was poor. He tested positive for illegal drugs and failed to make his monthly fine payment." (Rec. Doc. 289 at 20). Ultimately, Defendant's supervision was terminated unsuccessfully in April of 2012. *See United States v. Fulton*, No. 02-82 (E.D. La. April 13, 2012), ECF No. 170. The actions related to this conviction began in July of 2012. (Rec. Doc. 203 (factual

basis)). The Court concludes that Defendant has not presented an extraordinary and compelling reason for sentence reduction.

### III.     18 U.S.C. § 3553(a) Factors Counsel Against Sentence Reduction

Finally, even if Defendant had presented an extraordinary and compelling reason (which he does not), the sentencing factors of 18 U.S.C. § 3553(a) counsel against sentence reduction. In sentencing, courts are to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and sentencing range [in the Guidelines]. . . .;
>
> (5) any pertinent [Sentencing Commission] policy statement . . . .;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Given the similarity and temporal closeness between the prior and instant offenses, the Court declines to exercise discretionary sentencing reduction based on § 3553(a) factors.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Stanley Fulton's *Motion for Compassionate Release* **(Rec. Doc. 615)** is **DENIED**.

New Orleans, Louisiana, this 16th day of October, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE